# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF OHIO**

**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| MEGHAN KATHLEEN WALSH, | ) | **PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT** |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) | CASE NO. 1:25 CV 02485-DCN |
| JAVIER JOSE LEIVA, | ) |  |
|  | ) | JUDGE DONALD C. NUGENT |
| Defendant | ) |  |
|  | ) | MAGISTRATE JUDGE JONATHAN D. GREENBERG |
|  | ) |  |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT**

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff Meghan Walsh hereby propounds the following Interrogatories to Defendant Javier Leiva. Defendant shall answer each Interrogatory separately and fully in writing under oath within thirty (30) days of service.

**INSTRUCTIONS**

1.  Each Interrogatory shall be answered separately and fully in writing under oath.
2.  If you object to any Interrogatory, state the specific basis for the objection and answer the remainder to the extent not objectionable.
3.  If you cannot answer any Interrogatory in full, answer to the fullest extent possible and explain why a complete answer cannot be provided.
4.  These Interrogatories are continuing in nature. If you obtain additional responsive information, you are required to supplement your responses.

**DEFINITIONS**

1.  "Plaintiff" means Meghan Walsh.
2.  "Defendant" means Javier Leiva and any agents, employees, contractors, or representatives acting on his behalf.

1

3. "Communication" means any oral, written, electronic, or recorded exchange of information.
4. "Document" includes all materials within the scope of Fed. R. Civ. P. 34.

**INTERROGATORIES**

INTERROGATORY NO. 1

Identify all communications between you and Plaintiff, including dates, method of communication, and substance of such communications.

INTERROGATORY NO. 2

Identify all communications between you and any third party concerning Plaintiff, including but not limited to communications with the following individuals or entities:

    a. Megan Everett
    b. Tracie Baldwin (a/k/a Trae Renee)
    c. Michelle Ivey (a/k/a Elizabeth Beauchamp)
    d. Jennifer Beavin
    e. Tanea Wright (a/k/a Denise Murphy)
    f. Nicole Russo
    g. Cashmere Griffin
    h. Brydee Lee Sheen
    i. September Calhoun
    j. Scott Traxler
    k. Bradley Bond
    l. Mackenzie Ames
    m. Andrea Dunlop
    n. The Federal Bureau of Investigation

For each communication, state the date, the participants, and the general subject matter sufficient to permit identification of the communication.

INTERROGATORY NO. 3

Identify each source you relied upon, in whole or in part, in researching Plaintiff's story, including but not limited to websites, screenshots, social media posts, interviews, and any materials obtained from third parties.

For each source, state the date obtained and the substance of the information relied upon.

2

INTERROGATORY NO. 4

Identify all steps you took to verify the authenticity of any screenshots, social media posts, or third party materials referencing Plaintiff prior to publication, including the identity of any person or entity consulted.

INTERROGATORY NO. 5

Identify all anonymous or pseudonymous sources relied upon in connection with Plaintiff, including any Reddit users, and describe the steps taken to verify their credibility.

INTERROGATORY NO. 6

Identify all communications in which you represented that law enforcement or federal authorities were or would be involved in investigating Plaintiff's claims, and state whether such involvement occurred.

INTERROGATORY NO. 7

Identify all government agencies or official sources you consulted with, whether formally or informally, in connection with Plaintiff's claims; and for each, describe the information obtained, and the dates on which you obtained such information.

INTERROGATORY NO. 8

Identify all communications in which you discussed Plaintiff's credibility with any third party, including but not limited to statements to audiences.

For each such communication, state the date, participants, and the substance of the statements made, including any statements regarding Plaintiff's credibility, reliability, or truthfulness.

INTERROGATORY NO. 9

Identify all internal communications in which you or your agents discussed Plaintiff's credibility; including any statements acknowledging Plaintiff's truthfulness.

INTERROGATORY NO. 10

Identify all communications with Plaintiff or any third party in which you stated or acknowledged that Plaintiff was truthful or credible, in whole or in part.

For each such communication, state the date, participants, and the substance of the statement.

3

INTERROGATORY NO. 11

Identify all information in your possession prior to publication that contradicted or called into question the accuracy of statements made about Plaintiff in the podcast.

INTERROGATORY NO. 12

State the dates on which you obtained (a) any documentation from the Parma Police Department and (b) any statements or admissions from Michelle Ivey.

For each date identified, describe any actions you took thereafter to revise, update, or modify the content of the podcast.

INTERROGATORY NO. 13

Identify any actions taken after September 20, 2025 to continue, modify, republish, or distribute podcast content concerning Plaintiff, including the dates and reasons for such actions.

INTERROGATORY NO. 14

Identify all instances in which you became aware of new information concerning Plaintiff after recording but before publication, and describe whether and how the podcast content was modified in response.

Include the dates of recording each identified segment and the episode in which it was contained, the dates of modification, and the dates of the episode's publication.

INTERROGATORY NO. 15

Identify each instance in which Plaintiff's voice, likeness, or recorded material was used in the podcast, and state the source of that material and the basis for your belief that such use was authorized.

INTERROGATORY NO. 16

Identify each instance in which you received notice, whether formal or informal, of Plaintiff's revocation of consent—or any limitation on—the use of her voice, likeness, recorded material, or intellectual property.

INTERROGATORY NO. 17

Identify each episode of the podcast referencing Plaintiff, as well as publication dates for the episodes on all platforms, for all versions, including re-uploads of any removed content.

INTERROGATORY NO. 18

Identify each social media post, advertisement, or likewise marketing content used to promote any podcast content concerning Plaintiff.

For each instance, give the date of publication, the social media platform on which it was posted, and the substance of the content.

INTERROGATORY NO. 19

Identify all individuals involved in editing, scripting, or determining the content of the podcast episodes concerning Plaintiff, and describe their role in those decisions.

INTERROGATORY NO. 20

State all revenue generated from podcast and social media content concerning Plaintiff, including but not limited to advertising revenue, sponsorships, subscriptions, and platform-based earnings. Include amounts, dates received, and each source of such revenue.

Dated March 30, 2026

Respectfully,

MEGHAN KATHLEEN WALSH
Plaintiff, pro se
7261 Barton Circle
Parma, Ohio 44129
Telephone: (440) 823-4442
Email: themeghanwalsh@proton.me

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th of March, 2026, a copy of the foregoing was served by electronic mail to Counsel for Defendant, Paige M. Rabatin at: pmrabatin@bmdllc.com and Amanda S. Hawkins at: ahawkins@brookspierce.com.


_Meghan Kathleen Walsh_
MEGHAN KATHLEEN WALSH