# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| MEGHAN KATHLEEN WALSH, | ) ) | **PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT** |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| | ) | CASE NO. 1:25 CV 02485-DCN |
| JAVIER JOSE LEIVA, | ) ) | JUDGE DONALD C. NUGENT |
| Defendant | ) ) | |
| | ) ) | MAGISTRATE JUDGE JONATHAN D. GREENBERG |
| | ) | |

## PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT

Pursuant to Federal Rule of Civil Procedure 36, Plaintiff Meghan Walsh hereby requests that Defendant Javier Leiva admit or deny the following Requests for Admission within thirty (30) days of service.

**INSTRUCTIONS**
1. Each Request must be answered separately and fully.
2. If you deny any Request, state the basis for the denial.
3. If you lack knowledge, you must state that a reasonable inquiry has been made and that the information known or readily obtainable is insufficient to admit or deny.
4. These Requests are continuing in nature and must be supplemented as required.

**DEFINITIONS**
1. "Plaintiff" means Meghan Walsh
2. "Defendant" means Javier Leiva, and any agents, employees, contractors, or representatives acting on his behalf.
3. "Communication" means any oral, written, electronic, or recorded exchange of information.
4. "Document" includes all materials within the scope of Fed. R. Civ. P. 34.

1

**REQUESTS FOR ADMISSION**

RFA NO. 1

    Admit that you published podcast content concerning Plaintiff.

RFA NO. 2

    Admit that podcast episodes concerning Plaintiff were distributed on one or more platforms, including but not limited to Spotify, Apple Podcasts, and Patreon.

RFA NO. 3

    Admit that podcast content concerning Plaintiff was intended to be heard by a broad audience.

RFA NO. 4

    Admit that you were aware, prior to publication, that Plaintiff resided in Ohio and that your podcast content concerning Plaintiff would be accessible to and cause effects in Ohio.

RFA NO. 5

    Admit that you relied, at least in part, on information obtained from third parties in creating podcast content concerning Plaintiff.

RFA NO. 6

    Admit that you relied, at least in part, on information obtained from anonymous or pseudonymous sources in creating podcast content concerning Plaintiff.

RFA NO. 7

    Admit that you relied, at least in part, on information that you had not independently verified prior to publication.

RFA NO. 8

    Admit that you did not independently verify the identity of all anonymous or pseudonymous sources relied upon.

RFA NO. 9

    Admit that you did not verify the authenticity of all screenshots or social media content prior to publication.

2

RFA NO. 10

Admit that you did not take all reasonable steps to verify the accuracy of statements made about Plaintiff prior to publication.

RFA NO. 11

Admit that you did not conduct an independent investigation into all claims made about Plaintiff prior to publication.

RFA NO. 12

Admit that you were in possession of information prior to publication that contradicted or called into question statements made about Plaintiff in the podcast.

RFA NO. 13

Admit that you published statements about Plaintiff while aware of information that raised doubts as to their accuracy.

RFA NO. 14

Admit that you continued to publish or distribute content concerning Plaintiff despite being aware of potential inaccuracies.

RFA NO. 15

Admit that you discussed Plaintiff's credibility with third parties prior to publication.

RFA NO. 16

Admit that you made statements suggesting Plaintiff was not credible.

RFA NO. 17

Admit that you also possessed information suggesting Plaintiff was truthful or credible.

RFA NO. 18

Admit that you did not include all information favorable to Plaintiff in the podcast content.

RFA NO. 19

Admit that you did not fully present information supporting Plaintiff's credibility in the podcast.

3

RFA NO. 20

Admit that you chose which information concerning Plaintiff to include or exclude from the podcast.

RFA NO. 21

Admit that you represented, at least in part, that law enforcement or federal authorities would be involved in investigating Plaintiff's claims.

RFA NO. 22

Admit that no federal law enforcement agency conducted an investigation into Plaintiff's claims at your request.

RFA NO. 23

Admit that Plaintiff communicated to you that she did not want her voice, likeness, or recorded material used prior to publication.

RFA NO. 24

Admit that you received notice from Plaintiff revoking consent prior to the publication of at least one podcast episode concerning Plaintiff.

RFA NO. 25

Admit that you used Plaintiff's voice, likeness, or recorded material in podcast content.

RFA NO. 26

Admit that at least some of the recordings used in the podcast were created prior to any signed agreement with Plaintiff.

RFA NO. 27

Admit that at least some recordings used in the podcast were created after Plaintiff revoked consent.

RFA NO. 28

Admit that you published or republished podcast content concerning Plaintiff after receiving notice of revocation.

RFA NO. 29

Admit that you did not remove all podcast content concerning Plaintiff after receiving Plaintiff's revocation of consent.

RFA NO. 30

Admit that you continued to distribute podcast content concerning Plaintiff after receiving Plaintiff's revocation of consent.

RFA NO. 31

Admit that you had the ability to modify or remove podcast content prior to publication.

RFA NO. 32

Admit that you had the ability to modify or remove podcast content after publication.

RFA NO. 33

Admit that you had final editorial control over the content of the podcast episodes concerning Plaintiff.

RFA NO. 34

Admit that you did not issue a full retraction or correction of statements concerning Plaintiff after receiving notice of alleged inaccuracies.

RFA NO. 35

Admit that podcast content concerning Plaintiff generated revenue.

RFA NO. 36

Admit that the podcast episodes concerning Plaintiff were created, in part, for commercial purposes.

Dated March 30, 2026

Respectfully,

MEGHAN KATHLEEN WALSH
Plaintiff, pro se
7261 Barton Circle
Parma, Ohio 44129
Telephone: (440) 823-4442
Email: themeghanwalsh@proton.me

6

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th of March, 2026, a copy of the foregoing was served by electronic mail to Counsel for Defendant, Paige M. Rabatin at: pmrabatin@bmdllc.com and Amanda S. Hawkins at: ahawkins@brookspierce.com.

_Meghan Kathleen Walsh_

MEGHAN KATHLEEN WALSH