# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF OHIO**

**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| MEGHAN KATHLEEN WALSH, | ) | **PLAINTIFF'S FIRST SET OF** |
| | ) | **REQUESTS FOR PRODUCTION** |
| Plaintiff, | ) | **TO DEFENDANT** |
| | ) | |
| v. | ) | |
| | ) | CASE NO. 1:25 CV 02485-DCN |
| JAVIER JOSE LEIVA, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| Defendant | ) | |
| | ) | MAGISTRATE JUDGE JONATHAN D. |
| | ) | GREENBERG |
| | ) | |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT**

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff Meghan Walsh hereby requests that Defendant Javier Leiva produce the following documents and electronically stored information within thirty (30) days of service.

**INSTRUCTIONS**
1. Each request shall be answered separately and fully.
2. If any request is objected to, state the specific basis for the objection and produce all responsive documents not subject to the objection.
3. If any document is withheld on the basis of privilege, identify the document in a privilege log, including date, author, recipients, and basis.
4. These requests are continuing in nature and must be supplemented in accordance with the federal rules.

**DEFINITIONS**
1. "Plaintiff" means Meghan Walsh.
2. "Defendant" means Javier Leiva, and any agents, employees, contractors, or representatives acting on his behalf.
3. "Communication" means any oral, written, electronic, or recorded exchange of information.
4. "Document" includes all materials within the scope of Fed. R. Civ. P. 34, including electronically stored information.

1

**REQUESTS FOR PRODUCTION**

RFP NO. 1

 All communications between you and Plaintiff.

RFP NO. 2

 All communications between you and any third party concerning Plaintiff.

RFP NO. 3

 All documents and materials relied upon, in whole or in part, in researching Plaintiff's story.

RFP NO. 4

 All screenshots, social media posts, or online content referencing Plaintiff that you obtained, reviewed, or relied upon.

RFP NO. 5

 All documents reflecting any efforts to verify the authenticity or accuracy of information concerning Plaintiff.

RFP NO. 6

 All documents obtained from or relating to anonymous or pseudonymous sources concerning Plaintiff.

RFP NO. 7

 All documents in your possession prior to publication that contradicted or called into question statements made about Plaintiff.

RFP NO. 8

 All internal communications concerning Plaintiff, including discussions of Plaintiff's credibility.

RFP NO. 9

 All drafts, scripts, outlines, notes, or editorial documents relating to podcast content concerning Plaintiff.

RFP NO. 10

 All recordings of Plaintiff's voice used or considered for use in the podcast.

2

RFP NO. 11

All raw audio recordings, including any portions not included in the final podcast episodes.

RFP NO. 12

All final versions of podcast episodes concerning Plaintiff, including all edits, versions, and re-uploads.

RFP NO. 13

All documents reflecting publication, distribution, or upload of podcast content concerning Plaintiff across all platforms.

RFP NO. 14

All documents reflecting Plaintiff's revocation of consent or any objections to publication.

RFP NO. 15

All documents relating to decisions to publish, republish, or retain content after receiving notice of revocation.

RFP NO. 16

All communications with any law enforcement agency concerning Plaintiff.

RFP NO. 17

All social media posts, advertisements, or promotional materials concerning podcast content about Plaintiff.

RFP NO. 18

All documents reflecting revenue generated from podcast content concerning Plaintiff, including advertisements, sponsorships, subscriptions, and platform earnings, including amounts, dates received, and sources of such revenue.

RFP NO. 19

All documents reflecting listener metrics, downloads, impressions, or audience engagement relating to podcast content concerning Plaintiff.

RFP NO. 20

All agreements, contracts, releases, or other written understandings relating to Plaintiff or podcast content concerning Plaintiff.

RFP NO. 21

All communications between you (or your agents, including counsel) and any third-party platform (including but not limited to Spotify, Apple Podcasts, or Patreon) concerning Plaintiff or podcast content concerning Plaintiff.

RFP NO. 22

All documents, communications, or recordings concerning Plaintiff that were deleted, removed, altered, or modified, including any backups or recoverable versions.

RFP NO. 23

All metadata associated with documents, audio files, or recordings concerning Plaintiff, including creation dates, modification dates, and file history.

RFP NO. 24

All communications between you and Michelle Ivey and/or Tanea Wright concerning Plaintiff.

RFP NO. 25

All insurance policies that may provide coverage for the claims asserted in this action, and any communications with insurers regarding this matter.

Dated March 30, 2026

Respectfully,



MEGHAN KATHLEEN WALSH
Plaintiff, pro se
[address]
Parma, Ohio 44129
Telephone: (440) 823-4442
Email: themeghanwalsh@proton.me

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th of March, 2026, a copy of the foregoing was served by electronic mail to Counsel for Defendant, Paige M. Rabatin at: pmrabatin@bmdllc.com and Amanda S. Hawkins at: ahawkins@brookspierce.com.


_____
MEGHAN KATHLEEN WALSH

5