# Exhibit G

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

Northern District of Ohio
Eastern Division

| | | |
|---|---|---|
| Meghan Kathleen Walsh | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:25-CV-02485-DCN |
| Javier Jose Leiva | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: ·        Google, Inc. via Corporation Service Company
2715 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833

*(Name of person to whom this subpoena is directed)*

    ☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached document for production materials demanded.

| | |
|---|---|
| Place: Meghan Walsh, via email or physical mail<br>themeghanwalsh@proton.me<br>7261 Barton Circle, Parma, OH 44129 | Date and Time:<br><br>**on or before May 8, 2026** |

    ❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __3/26/2026__

**CHRISTIAN CAPECE, CLERK** *CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*          OR          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:25-CV-02485-DCN

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*

    ❏ I served the subpoena by delivering a copy to the named person as follows:

                                    on *(date)*        ; or

    ❏ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $          for travel and $         for services, for a total of $     0

I declare under penalty of perjury that this information is true.

Date:                                 

*Server's signature*

*Printed name and title*

*Server's address*

**Additional information regarding attempted service, etc.:**

| Print | Save As... | Add Attachment | | Reset |
|---|---|---|---|---|

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Subpoena Requests for Production to Google LLC (Gmail)

## Definitions

"Account" means a Google account (including Gmail) associated with the email addresses listed below. Plaintiff has identified these accounts based on consistent patterns in activity, communications, timing, and other identifying characteristics, and has a reasonable basis to believe they are part of a coordinated group of accounts operated by individuals involved in harassment, impersonation, fraud, and related misconduct. Discovery is sought to confirm the identity, control, and interrelationship of these accounts.

## Identified Accounts

1. glorylinuxbon@gmail.com
2. stevelakner79@gmail.com
3. dadler1965947@gmail.com
4. dailight95@gmail.com

## Request for Production No. 1 – Account Registration Information

1. Full name(s) associated with the account
2. Google Account ID / internal user identifier
3. Date and time the account was created
4. All email addresses associated with the account (including recovery emails)
5. Phone number(s) associated with the account
6. Any recovery phone numbers or backup authentication methods
7. Any linked Google services (YouTube, Google Drive, Google Voice, etc.)
8. Any username or profile name changes associated with the account
9. Payment or billing information associated with the account (if applicable)

## Request for Production No. 2 – IP Address Logs

1. IP address used to create the account
2. IP addresses used to log into the account
3. Date and time associated with each login
4. IP addresses used to send emails
5. IP addresses used to access the account via web or mobile applications
6. Any geolocation data associated with those IP addresses, if maintained

## Request for Production No. 3 – Device and Session Data

1  Device identifiers associated with the account
2  Device types used to access the account (mobile, desktop, tablet)
3  Operating systems used
4  Browser and user-agent strings associated with sessions
5  Session logs associated with the account

## Request for Production No. 4 – Emails and Content

1  Copies of all sent emails
2  Copies of all received emails
3  Copies of all draft emails
4  Copies of any deleted emails (to the extent retained)
5  Attachments associated with emails
6  Metadata associated with each email including timestamp, IP address used to send the email, device used, and message routing/header information

## Limit Production to Content Referencing

1  Meghan Walsh (also referenced as Meg, Meghan, themeghanwalsh)
2  Michelle Ivey (also referenced as Elizabeth Beauchamp, Betty Beauchamp, etc.)
3  Tanea Wright (also referenced as Denise Murphy, etc.)
4  Jennifer Beavin (also referenced as Jenn)
5  Javier Leiva
6  Pretend Podcast

## Request for Production No. 5 – Account Activity Logs

1  Login history
2  Logout history
3  Password changes
4  Email address changes
5  Phone number changes
6  Two-factor authentication changes

## Request for Production No. 6 – Account Reports and Enforcement

1  Any reports made regarding the Identified Accounts
2  Any moderation, restriction, or enforcement actions taken by Google
3  Any suspensions or terminations of the accounts
4  Any internal investigations conducted regarding the accounts

## Request for Production No. 7 – Linked Accounts

1  Any Google accounts accessed from the same IP address as the Identified Accounts

2   Any accounts accessed from the same device(s)
3   Any accounts determined by Google to be operated by the same user

## Request for Production No. 8 – Certification

Provide a business records certification pursuant to Rule 902(11) of the Federal Rules of Evidence for all documents produced.

## Subpoena Requests for Production to Google LLC

## (Blogger / Blogspot)

**Definitions:**

"Account" includes any Google account associated with the creation, administration, posting, or

access of the Blogger/Blogspot blogs and profile identified below.

Identified Blogs and Profile:

1. diarysofastalkingvictim.blogspot.com

2. diariesofastalkingvictim.blogspot.com

3. neverforgetinternet.blogspot.com

4. Blogger Profile ID: 10084767858440939421

**Request for Production No. 1 — Account Registration Information:**

- Full name(s)

- Google Account ID

- Creation date/time

- Associated emails and phone numbers

- Recovery info

- Linked Google services

- Username history

- Billing info

**Request for Production No. 2 — Blog Ownership and Administrative Data:**

- Creator identity

- Admin/editor accounts

- Creation timestamps

- Ownership transfers

- Access permissions

**Request for Production No. 3 — IP Address Logs:**

- IP used to create account

- Login IPs and timestamps

- Publishing IPs

- Geolocation dataRequest for Production No. 4 — Device and Session Data:

- Device identifiers/types

- Operating systems

- Browser/user-agent

- Session logs

**Request for Production No. 5 — Blog Content and Metadata:**

- All posts (published, draft, deleted)

- Comments

- Timestamps

- Metadata

- Revision history

**Request for Production No. 6 — Communications and Internal Data:**

- Internal Google records

- Reports and enforcement actions

- Investigations

**Request for Production No. 7 — Account Activity Logs:**

- Login/logout history

- Password/email changes

- 2FA changes

**Request for Production No. 8 — Linked Accounts:**

- Accounts sharing IPs/devices

- Accounts linked to same user

**Request for Production No. 9 — Content Referencing:**

- Meghan Walsh

- Michelle Ivey

- Tanea Wright

- Jennifer Beavin

- Javier Leiva- Pretend Podcast

**Request for Production No. 10 — Certification:**

Provide business records certification under Rule 902(11).